OPINION
On January 26, 2001, Defendant-Appellant was involved in a one-car accident.
Stark County Sheriff's Deputy David Garrick was dispatched to the accident scene.
Upon arriving on the scene, Deputy Garrick noticed the odor of alcohol about the Defendant-Appellant and unsteadiness on his feet. (T. at 19). Deputy Garrick also observed that Defendant-Appellant was bleeding. (T. at 19).
Defendant-Appellant was transported to Mercy Medical Center by EMS. (T. at 21).
Deputy Garrick followed Defendant-Appellant to the hospital to acquire a blood sample. (T. at 22).
Prior to ordering hospital personnel to draw Defendant-Appellant's blood, Deputy Garrick read BMV 2255 to Defendant-Appellant. (T. at 24).
On January 26, 2001, Defendant-Appellant was charged with one count of Driving Under the Influence of Alcohol, in violation of R.C. §4511.19, and one count of Driving with an FRA Suspension, in violation of R.C. § 4507.02.
On March 13, 2001, a hearing was held on Defendant-Appellant's Motion to Suppress.
By Judgment Entry dated March 16, 2001, the trial court denied Defendant-Appellant's Motion to Suppress.
On March 27, 2001, Defendant-Appellant entered a plea of "No Contest" to the charges and was found guilty of same.
On March 28, 2001, Defendant-Appellant filed the instant appeal, assigning the following error:
 ASSIGNMENT OF ERROR THE JUDGMENT OF THE TRIAL COURT DENYING DEFENDANT-APPELLANT'S MOTION TO SUPPRESS WAS AN ERROR OF LAW.
Appellant claims the trial court erred in denying his motion to suppress. We agree.
There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are again the manifest weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19;State v. Klein (1991), 73 Ohio App.3d 485; State v. Guysinger (1993),86 Ohio App.3d 592 . Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993), 86 Ohio App.3d 37
. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v.Curry (1994), 95 Ohio App.3d 93; State v. Claytor (1993),85 Ohio App.3d 623; Guysinger. As the United States Supreme Court held inOrnelas v. U.S. (1996), 116 S.Ct. 1657, 1663, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
Appellant's motion questioned the legality of the blood draw. Appellant argues the trial court's conclusion and findings are not supported by the weight of the evidence.
By judgment entry filed March 26, 2001, the trial court found the following:
***
 While at the hospital, the Defendant was read BMV Form 2255, which the Defendant refused to sign. A copy was delivered to the Defendant within two days of the blood draw.
 The Defendant did, however, consent to his blood bring drawn.
 In determining the voluntariness of a Defendant's consent or refusal to submit to a chemical or other test requested by a law enforcement officer, words alone may not be determinative. A person by his acts, words or general conduct may shed light on his willingness or unwillingness to a test. See Hoban v. Rice (1971), 25 Ohio St.2d 111. The Court does not find that the Defendant was coerced into submitting to a blood test.
Defendant-Appellant argues that Defendant-Appellant's consent to the blood draw was coerced in that he was advised by the Deputy via the reading of BMV 2255 implied consent form that his driver's license would be suspended for one year as a consequence of refusal to submit to the blood draw.
Defendant-Appellant argues that the provisions of R.C. 4511.191 are not applicable unless the Defendant was validly arrested. State v. Taggart
(August 29, 1987), Washington App. No. 86 CA 21, 1987 WL 15982, unreported.
Arrest occurs when four elements are present: (1) an intent to arrest, (2) under real or pretended authority, (3) accompanied by actual or constructive seizure or detention of the person, and (4) which is so understood by the person arrested. State v. Darrah (1980),64 Ohio St.2d 22.
From our review of the evidence, we find the direct testimony of the Deputy Garrick as to the issue of whether Defendant-Appellant was under arrest is clear:
 Deputy Garrick: . . I came in and told him that I had no intentions of taking him to jail because of the automotive accident.
 Mr. Vance: Did you, did you tell him what your intentions were?
 Deputy Garrick: Yes, my, I told him that my intentions were that I would ask him to submit to a test, to what's called a legal blood draw. And I would read him a form. And, . . . . that the phlebotomist would take his blood.
 Mr. Vance: Did you tell him that you were going to summons him into court rather than arresting him?
Deputy Garrick: Yes.
(T. at 23-24)
* * *
 Mr. Frame: Now, you said that you specifically told Mr. Kirschner that he was not under arrest?
Deputy Garrick: When I got to the hospital, yes.
 Mr. Frame: Okay, so he, so he knew he was not under arrest because you told him he was not under arrest?
Deputy Garrick: . . . Correct.
Mr. Frame: And he never was under arrest . . .
Deputy Garrick: . . . No . . .
Mr. Frame: Correct?
Deputy Garrick: . . . he was never in, my custody.
(T. at 27-28).
Deputy Garrick admitted that he never arrested appellant, nor did he ever tell him he was under arrest at the scene of the accident or at the hospital prior to the blood draw. It is clear that the officer did not consider appellant to be under arrest prior to the drawing of his blood. However, Ohio Bureau of Motor Vehicles Form 2255 includes the provision that an officer must read to the alleged offender a passage that specifically states that the offender is under arrest
Revised Code § 4511.191 provides:
 "(A) Any person who operates a vehicle upon a highway or any public or private property used by the public for vehicular travel or parking * * * shall be deemed to have given consent to a chemical test or tests of the person's blood * * * for the purpose of determining the alcohol * * * content of the person's blood * * * if arrested for operating a vehicle while under the influence of alcohol * * * or for operating a vehicle with a prohibited concentration of alcohol in the blood, breath, or urine." (Emphasis added.)
The Court of Appeals for the Seventh District in State v. Rice (1998), 717 N.E.2d 351, held that:
 Consent to a blood test is not voluntarily given where the officer was unable to conduct field sobriety tests at the scene or at the hospital, and where motorist "consented" to having his blood drawn only after officer told him that she was going to order the procedure and only after the officer read the motorist the implied consent form, which included information as to the consequences of his failure to consent to the draw.
The Rice court went on to hold:
 The language of R.C. 4511.191 specifically provides that an arrest is necessary, and, throughout the additional sections accompanying this statute, reference is repeatedly made to "the person under arrest" and the "arresting officer." It would be absurd to conclude from Form 2255 that its language is sufficient to "imply" arrest, which is then sufficient to "imply" consent to draw body fluids from this implied arrestee. The mandatory statutory language, coupled with the legislative intent behind the statute and the Risner and Bustamonte
cases, leads this court to hold that a valid arrest must precede the seizure of a bodily substance, including a blood draw, and must precede an implied consent given based upon Form 2255. Id.
Upon review, we join the Seventh District and find the trial court erred in denying Appellant's motion to suppress. Appellant's sole assignment of error is sustained.
For the foregoing reasons, the judgment of the Canton Municipal Court is reversed, and appellant's conviction is vacated. The cause is remanded to the trial court for further proceedings in accord with law and consistent with this opinion.
JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Canton Municipal Court of Stark County, Ohio is vacated, reversed and remanded. Costs assessed to Appellee.
Hon. Julie A. Edwards, P.J. Hon. John F. Boggins, J. concurs, Hon. William B. Hoffman, J. dissents.